1
2
3

4                    UNITED STATES DISTRICT COURT

5                         DISTRICT OF NEVADA

6                                * * *

7   J & J SPORTS PRODUCTIONS, INC.,            Case No. 2:17-CV-1854 JCM (VCF)

8                           Plaintiff(s),                 ORDER

9          v.

10  GUS ESCOBAR LLC, et al.,

11                          Defendant(s).

12

13         Presently before the court is the matter of *J & J Sports Productions, Inc. v. Gus Escobar*

14  *L.L.C. et al.*, case number 2:17-cv-01854-JCM-VCF.

15         Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or

16  to comply with these rules or a court order, a defendant may move to dismiss the action or any

17  claim against it."  Fed. R. Civ. P. 41(b).  Although this rule only references dismissal upon

18  defendant's motion, the Supreme Court in *Link v. Wabash R. Co.* held as follows:

19                 Neither the permissive language of the Rule—which merely
20                 authorizes a motion by the defendant—nor its policy requires us to
                   conclude that  it was the purpose of the Rule to abrogate the  power
21                 of courts, acting on their own initiative, to clear their calendars of
                   cases that  have remained dormant because of the inaction or
22                 dilatoriness of the parties seeking relief.  The authority of a court
                   to dismiss *sua sponte* for lack of prosecution has generally been
23                 considered an 'inherent power,' governed not by rule or statute but
                   by the control necessarily vested in courts to manage their own
24                 affairs so as to achieve the orderly and expeditious disposition of
                   cases.
25
26  *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

27         The Supreme Court specifically affirmed "the power of courts, acting on their own

28  initiative, to clear their calendars of cases that have remained dormant because of the inaction or

**James C. Mahan**
**U.S. District Judge**

dilatoriness of the parties seeking relief." *Id.* at 630. Thus, Rule 41(b) authorizes district courts to sua sponte dismiss actions for failure to prosecute or to comply with court orders or the Rules. *Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002);

This power is also codified in this court's local rules. Local Rule 41-1 provides that "[a]ll civil actions that have been pending in this court for more than 270 days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution by the court sua sponte or on the motion of an attorney or pro se party." LR 41-1.

Plaintiff filed its complaint on July 6, 2017. (ECF No. 1). Defendants never answered. Plaintiff failed to prosecute this case until this court issued notice to counsel pursuant to Local Rule 41-1. (ECF No. 7). On August 30, 2018—two days after this court's notice—plaintiff moved for entry of clerk's default, which was entered the following day. (ECF Nos. 8; 9).

Plaintiff never moved for default judgment. On January 14, 2020, the court gave the parties notice that it would dismiss this case if no action was taken within 30 days. (ECF No. 11). Neither party took action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's complaint be, and the same hereby is, DISMISSED. The clerk is instructed to enter judgment and close the case accordingly.

DATED March 5, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -